**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CANDI HUFF, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOANUNITED.COM, LLC,<br><br>Defendant. | **Case No.** _____<br>FLSA Collective Action<br><br><br><br><br><br>Jury Trial Demanded |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Candi Huff brings this lawsuit to recover unpaid overtime wages and other damages owed by LoanUnited.com, LLC ("LoanUnited").

2. Huff worked for LoanUnited as a mortgage underwriter.

3. Huff and other underwriters for LoanUnited regularly worked in excess of 40 hours in a week.

4. LoanUnited did not pay Huff and the other underwriters overtime when they worked in excess of 40 hours in a week.

5. Instead, LoanUnited improperly classified Huff and the other underwriters as exempt employees and paid them a salary with no overtime compensation.

6. This action seeks to recover the unpaid overtime wages and other damages owed by LoanUnited to these workers.

## JURISDICTION & VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because LoanUnited.com is headquartered in this District.

## PARTIES

9. **Plaintiff Candi Huff** is a natural person.

10. Huff was, at all relevant times, an employee of LoanUnited.

11. Huff worked for LoanUnited from April 2023 to July 2024.

12. Huff represents a collective of similarly situated workers under the FLSA pursuant to 29 U.S.C. § 216(b). This "FLSA Collective" is defined as:

> **All mortgage underwriters employed by LoanUnited.com, LLC in the United States who were paid on a salary basis, at any point from three years prior to the date this Complaint is filed, until judgment is entered.**

13. Throughout this Complaint, the FLSA Collective members are also referred to as the "Similarly Situated Workers."

14. **LoanUnited.com, LLC** ("LoanUnited") is a domestic limited liability company.

15. LoanUnited may be served by service upon its registered agent, **Sanjay Gulati, 3235 Satellite Blvd., Ste. 300, Duluth, GA 30096**, or by any other method allowed by law.

### COVERAGE UNDER THE FLSA

16. At all relevant times, LoanUnited was an employer of Huff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all relevant times, LoanUnited was and is an employer of the FLSA Collective members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18. LoanUnited was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19. During at least the last three years, LoanUnited has had gross annual sales in excess of $500,000.

20. LoanUnited was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21. LoanUnited employs many workers, including Huff, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

22. The goods and materials handled, sold, or otherwise worked on by Huff and other LoanUnited employees and that have been moved in interstate commerce include, but are not limited to, office supplies, office equipment, telecommunications equipment, and mortgage and other financial products.

## FACTS

23. LoanUnited operates financial institutions throughout the United States.

24. Huff was a salaried employee of LoanUnited.

25. LoanUnited did not pay Huff on a fee basis.

26. Huff worked as a mortgage underwriter for LoanUnited.

27. Huff normally worked more than 40 hours in a week.

28. Huff often worked 55 hours, or more, each week for Loan United.

29. Huff reported the hours, or at least the days, she worked to LoanUnited on a regular basis.

30. Huff's hours are reflected in LoanUnited's records.

31. LoanUnited paid Huff a salary for all hours worked, without any overtime pay for hours in excess of 40 in a week.

32. Throughout her employment, Huff performed non-exempt job duties as an underwriter, aimed at producing a reliable loan.

33. Huff worked to produce mortgage products for LoanUnited.

34. Huff did not advise LoanUnited's customers.

35. Huff did not promote LoanUnited's financial products.

36. Huff did not service LoanUnited's financial products.

37. Huff implemented guidelines designed by LoanUnited's corporate management.

38. Huff was subject to policies and procedures which dictated her day-to-day activities.

39. The work Huff performed was an essential and integral part of LoanUnited's core business.

40. No advanced degree is required to become an underwriter.

41. Being an underwriter does not require specialized academic training as a standard prerequisite.

42. To the extent Huff made "decisions," such decisions did not require the exercise of independent discretion and judgment.

43. Instead, Huff applied well-established techniques and procedures and used established standards to evaluate any issues.

44. Huff did not set the techniques and procedures utilized to perform the job and did not set quality standards.

45. LoanUnited's underwriters are not allowed to deviate from the techniques and procedures utilized to perform their job duties or from any quality standards.

46. With these job duties, Huff was clearly a non-exempt employee under the FLSA.

47. With these job duties, Huff is non-exempt under the FLSA no matter the amount of her salary.

48. LoanUnited did not pay Huff overtime for hours worked in excess of 40 in a single workweek.

49. Instead, LoanUnited paid Huff a salary only.

50. LoanUnited keeps accurate records of the hours, or at least the days, its salaried employees work.

51. LoanUnited also keeps accurate records of the amount of pay its salaried employees receive.

52. Because Huff and the Putative Class Members were misclassified by LoanUnited as exempt employees, they should receive overtime for all hours that they worked in excess of 40 hours in each workweek.

53. LoanUnited was aware of the overtime requirements of the FLSA.

54. LoanUnited knew, since at least 2017, that its mortgage underwriters were not exempt employees under the FLSA.

55. LoanUnited knew, since at least 2017, that its mortgage underwriters were required to be paid overtime under the FLSA.

56. LoanUnited nonetheless failed to pay these underwriters, such as Huff, overtime.

57. LoanUnited's failure to pay overtime to these underwriters was, and is, a willful violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

58. Numerous individuals were victimized by LoanUnited's patterns, practices, and policies, which are in willful violation of the FLSA.

59. Based on her experiences and tenure with LoanUnited, Huff is aware that LoanUnited's illegal practices were imposed on the FLSA Collective.

60. The FLSA Collective members were all paid a salary without any overtime.

61. These employees are victims of LoanUnited's unlawful compensation practices and are similarly situated to Huff in terms of job duties, pay provisions, and employment practices at issue.

62. The workers in the FLSA Collective were similarly situated within the meaning of the FLSA.

63. Any differences in job duties do not detract from the fact that these FLSA non-exempt workers were entitled to overtime pay.

64. LoanUnited's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable, systematic policies, and practices, which are not dependent on the personal circumstances of the FLSA Collective members.

65. The FLSA Collective should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

## CAUSE OF ACTION—VIOLATIONS OF THE FLSA

66. Huff incorporates all other allegations.

67. By failing to pay Huff and the FLSA Collective members overtime at 1.5 times their regular rates when the payments were due, LoanUnited violated the FLSA. 29 U.S.C. § 207(a).

68. LoanUnited owes Huff and the FLSA Collective members overtime for all hours worked in excess of 40 in a workweek, at a rate of at least 1.5 times their regular rates of pay.

69. LoanUnited knowingly, willfully, or in reckless disregard carried out this illegal pattern and practice of failing to pay the FLSA Collective members overtime compensation.

70. Because LoanUnited knew, or showed reckless disregard for whether, its pay practices violated the FLSA, LoanUnited owes these wages for at least the past three years.

71. LoanUnited's failure to pay overtime compensation to these FLSA Collective members was neither reasonable, nor was the decision not to pay overtime made in good faith.

72. Because LoanUnited's decision not to pay overtime was not made in good faith, LoanUnited also owes Huff and the FLSA Collective members an amount equal to the unpaid overtime wages as liquidated damages.

73. Accordingly, Huff and the FLSA Collective members are entitled to their full overtime wages under the FLSA in an amount equal to 1.5x their regular rates of pay, plus liquidated damages, attorney's fees, and costs.

## RELIEF SOUGHT

Huff prays for judgment against LoanUnited as follows:

    a. For an order certifying a collective action for the FLSA claims;

    b. For an order finding LoanUnited liable for violations of federal wage laws with respect to Huff and the FLSA Collective;

    c. For a judgment awarding all unpaid wages, liquidated damages, and penalties under federal wage laws to Huff and the FLSA Collective;

    d. For a judgment awarding attorneys' fees to Huff and the FLSA Collective;

e.  For a judgment awarding costs of this action to Huff and the FLSA Collective;

f.  For a judgment awarding pre- and post-judgment interest at the highest rates allowed by law to Huff and the FLSA Collective; and

g.  For all such other and further relief as may be necessary and appropriate.

Date: <u>Jan. 27, 2025</u>

                Respectfully submitted,

                    */s/ Andrew R. Frisch*
By: _____
    **Andrew R. Frisch**
    Georgia Bar No. 366105
**MORGAN & MORGAN, P.A.**
8151 Peters Road, Suite 4000
Plantation, Florida 33324
Telephone: (954) WORKERS
Facsimile: (954) 327-3013
Email: AFrisch@forthepeople.com

**Matthew S. Parmet**
TX Bar # 24069719
(*seeking admission pro hac vice*)
**Justin Vineyard**
TX Bar # 24130854
(*seeking admission pro hac vice*)
**PARMET PC**
2 Greenway Plaza, Ste. 250
Houston, TX 77046
phone    713 999 5200
matt@parmet.law

justin@parmet.law

**Attorneys for Plaintiff**

# JURY DEMAND

Huff demands a trial by jury on all issues.

*/s/ Andrew R. Frisch*
_____
**Andrew R. Frisch**